# PELTON GRAHAM LLC

### ADVOCATES FOR JUSTICE

September 28, 2020

Brent E. Pelton, Esq.
Pelton@PeltonGraham.com

**VIA CM/ECF**

Hon. Kevin Nathaniel Fox
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**     ***Ysla Bazan, et al. v. William K. Construction Group, Inc., et al.***
       **<u>Civil Action No. 19 Civ. 00508 (KNF)</u>**

Dear Judge Fox:

        We represent the Plaintiffs in the above-referenced matter. We write pursuant to Your Honor's direction during the September 16, 2020 telephone conference to provide additional support for the reasonableness of the requested attorney fees, including copies of the retainer agreements between Plaintiffs and our office (*see* Exhibit A)[1].

**I.     Plaintiffs' Requested Attorneys' Fees are Reasonable**

        As detailed in Plaintiffs' Motion for Approval of FLSA Settlement (Dkt. No. 64), the parties agreed to settle this action for a total settlement amount of $260,000.00 (the "Settlement Amount"), which includes an attorney fees component of one-third (1/3) of the Settlement Amount net of litigation costs[2], or $86,283.79. While Your Honor indicated on the September 16 conference that the settlement terms appeared to be fair and reasonable, where, as here, the proposed FLSA settlement includes the payment of attorney fees, we understand that the Court must independently ascertain the reasonableness of the fee request. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). Although the requested fee is based on a percentage of the Settlement Amount – i.e., one-third of the net settlement – Plaintiffs believe that the fees amount is reasonable based on a "percentage of the fund" method or the "lodestar" method. *See McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) ("Although [the Second Circuit] ha[s]

---

[1] Since all of the named plaintiffs' retainer agreements are identical and in plaintiffs' native language of Spanish, plaintiffs submit the retainer agreement of named plaintiff Angel Arenas followed by an English version of the retainer agreement so that the Court can understand the relevant provision regarding attorneys' fees – i.e., ¶ 3.

[2] This is the preferred method to calculate the percentage of the settlement sought for attorneys' fees. *See, e.g., Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667 (PAE), 2015 U.S. Dist. LEXIS 115608, 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015) ("The Court's view is that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs."). Here, Plaintiffs' counsel's actual litigation costs total $1,148.37. *See infra* § II.

**New York**: 111 Broadway, Suite 1503, New York, NY 10006  Tel. 212-385-9700  Fax 212-385-0800
**San Francisco**: 456 Montgomery Street, 18th Fl., San Francisco, CA 94104  Tel. 415-437-9100  Fax 212-385-0800

www.PeltonGraham.com

Hon. Kevin Nathaniel Fox
Plaintiffs' Supplemental Submission Regarding Reasonable Attorneys' Fees
Page **2** of **5**

acknowledged that the trend in this Circuit is toward the percentage method, it remains the law in this Circuit that courts may award attorneys' fees in common fund cases under either the 'lodestar' method or the 'percentage of the fund' method."). Moreover, the one-third requested fee is also consistent with the agreement between Plaintiffs and their counsel in their retainer agreements and should be approved for that reason. *See* Ex. A; *see also Zhi Li Zhong v. Rockledge Bus Tour Inc.*, No. 18-CV-454 (RA), 2018 U.S. Dist. LEXIS 131829, at \*9-10 (S.D.N.Y. Aug. 6, 2018) ("[T]he proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method, particularly where it is pursuant to a previously negotiated retainer agreement."). Under either approach, however, courts draw on the following considerations—commonly known as the "*Goldberger* factors"—when assessing the reasonableness of attorneys' fees: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). As required, Plaintiffs' counsel has submitted contemporaneous time records and an affidavit detailing the experience of the attorneys and paralegals who contributed to the prosecution of this matter to justify the fees sought. *See* Dkt. No. 64-2; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) ("[C]ounsel must submit evidence providing a factual basis for the award.").

### A.    Plaintiffs' Counsel's Hourly Rates Are Reasonable

"To determine an attorney's reasonable hourly rate, courts engage in a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, which may include taking 'judicial notice of the rates awarded in prior cases,' and relying on 'the court's own familiarity with the rates prevailing in the district.'" *Najera v. 144 Ninth Gotham Pizza, Inc.*, 2017 U.S. Dist. LEXIS 26393, 2017 WL 728703, at \*1 (S.D.N.Y. Feb. 24, 2017) (quoting *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)). Here, Plaintiffs' Counsel utilize hourly rates which have been endorsed by other courts[3] and which are in line with the prevailing market rates for attorneys with comparable experience in this District. *See Guinea v. Garrido Food Corp.*, No. 19-CV-5860 (BMC), 2020 U.S. Dist. LEXIS 5476, at \*4-5 (E.D.N.Y. Jan. 11, 2020) (In connection with default judgment, providing that rates of "$350-$450 per hour for partner time, $250-$300 per hour for associate time, and $125-$175 per hour for paralegal time…are reasonable and consistent with rates allowed in this district.")[4]; *see also, e.g., Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514 (S.D.N.Y. 2011) (Peck, M.J.) (approving partner's $450 hourly rate as "consistent with rates awarded by the courts in other FLSA or similar statutory fee cases," citing cases); *Torres v. Gristede's Operating Corp.*, No. 04-CV-3316, 2012 U.S. Dist.

---

[3] Plaintiffs are aware that the court looks to "prevailing market rate[s] for lawyers in the district in which the ruling court sits", *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012), which would be the SDNY; however, Plaintiffs' aver that the rates in the SDNY are comparable, if not higher, than those generally approved in the EDNY.

[4] The court specifically noted that the $175 rate for a paralegal was "a bit high," yet approved that rate because it was for a "foreign certified lawyer who assisted with Spanish translation services for plaintiffs as well." *Garrido Food Corp.*, 2020 U.S. Dist. LEXIS 5476, at \*4. Ms. Herazo performed the same work in this matter. *See generally* Dkt. No. 64-2.

Hon. Kevin Nathaniel Fox
Plaintiffs' Supplemental Submission Regarding Reasonable Attorneys' Fees
Page **3** of **5**

LEXIS 127890, 2012 WL 3878144 at *3-4 (S.D.N.Y. Aug. 6, 2012) (awarding hourly partner rates of $500 and $550 in FLSA case and noting that "'rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, . . . with average awards increasing over time.'") (internal citations omitted). Although certain of the billing rates for Plaintiffs' counsel may be towards the high end of the range of reasonableness, they are still within the range and are reasonable based on the favorable settlement achieved, wherein after subtracting 1/3 in attorneys' fees, Plaintiffs will receive their full "actual" unpaid overtime wage damages, plus an additional amount for wage notice and wage statement damages. *See* Dkt. No. 64 § II.

### B.     Plaintiffs' Counsel's Hours Expended Are Reasonable

Plaintiffs' counsel spent approximately 207 hours over approximately two (2) years of litigating this matter. These hours were spent in drafting the pleadings, discovery demands and responses, drafting and negotiating collective action notice, preparing for and attending a court conference regarding a dispute between the parties, discussions with 25 named and opt-in plaintiffs, preparing for and attending mediation, and negotiating and drafting the settlement, among other tasks. *See* Dkt. No. 64-2, Ex. 1. "In calculating reasonable hours, the essential consideration is whether a reasonable attorney would have expended similar hours in pursuit of the case." *Gonzalez v. Scalinatella, Inc.*, 112 F.Supp.3d 5, 29 (S.D.N.Y. 2015); *see also Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) ("The relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."). Here, Plaintiffs' counsel submitted time entries explaining the work that was done and did not engage in block billings for many hours of work at a time. *See* Dkt. No. 64-2, Ex. 1. Accordingly, Plaintiffs believe they were efficient in litigating this matter without the need for protracted litigation or unnecessary motion practice, such that the hours expended were reasonable. *See Ortiz v. Regan*, 980 F.2d 138, 141 (2d Cir. 1992) (Courts have "ample discretion" in assessing the "amount of work that was necessary to achieve the results in a particular case.").

### C.     The Lodestar Method Supports the Requested Attorney Fees

While there is a strong presumption that the "lodestar" amount — that is, the number of attorney hours reasonably expended times a reasonable hourly rate — represents a reasonable fee, courts generally "apply a multiplier to take into account the contingent nature of the fee, the risks of non-payment, the quality of representation, and the results achieved." *In re Platinum & Palladium Commodities Litig.*, No. 10-CV-3617 (CCH), 2015 U.S. Dist. LEXIS 98691, 2015 WL 4560206, at *3 (S.D.N.Y. July 7, 2015). A multiplier is also appropriate where, as here, the "fee award will not only compensate them for time and effort already expended, but for time that they

Hon. Kevin Nathaniel Fox
Plaintiffs' Supplemental Submission Regarding Reasonable Attorneys' Fees
Page **4** of 5

will be required to spend administering the settlement going forward."[5] *Willix v. Healthfirst, Inc.*, No. 07-CV-l143 (ENV) (RER) 2011 U.S. Dist. LEXIS 21102, at *7 (E.D.N.Y, Feb. 18, 2011). Indeed, courts have routinely found that doubling the lodestar yields a reasonable fee in the context of FLSA settlements. *Pucciarelli v. Lakeview Cars, Inc.*, No. 16-CV-4761 (RRM), 2017 U.S. Dist. LEXIS 98641, at *5 (E.D.N.Y. June 23, 2017) (citing *Hall v. Prosource Techs., LLC*, No. 14-cv-2502 (SIL) 2016 U.S. Dist. LEXIS 53791 at *53-55 (E.D.N.Y. Apr. 11, 2016) ("This award represents a 2.08 multiplier of the modified lodestar, which is reasonable in light of the *Goldberger* factors, and is in line with other cases in the Second Circuit.); *Gattinella v. Michael Kors (USA), Inc.*, No. 14-CV-5731 (WHP), 2016 U.S. Dist. LEXIS 20419 at *2 (S.D.N.Y. Feb. 9, 2016) (applying 1.94 lodestar multiplier); *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424 (S.D.N.Y. Nov. 12, 2014) (holding that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases," and applying multiplier of 2.28 to the modified lodestar)). Here, Plaintiffs seek a 1.58 multiplier on their current lodestar, which is within the range of reasonableness in the Second Circuit. *See id.*; *see also Pucciarelli*, 2017 U.S. Dist. LEXIS 98641, at *5-6 (Approving a 1.31 lodestar multiplier and noting that it is "well below the multipliers found reasonable in the Second Circuit.").

## II.    Plaintiffs' Counsel's Litigation Costs Are Reasonable

"[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Rhodes v. Davis*, No. 08 Civ. 9681 (GBD), 2015 U.S. Dist. LEXIS 36744, 2015 WL 1413413, at *4 (S.D.N.Y. Mar. 23, 2015) (quoting *LeBlanc—Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as an invoice or receipt. *See Abel v. Town Sports Int'l LLC*, No. 09 Civ. 10388 (DF), 2012 U.S. Dist. LEXIS 183444, 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 18, 2012). A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is ordinarily also sufficient. *Id.*

Here, Plaintiffs' counsel incurred $1,148.37 in actual litigation costs, including filing of the complaint, service of the complaint, and mailing the collective action notice, reminder letter, and improper contact letters. *See* Dkt. No. 64-2, Ex. 2 (Records of Costs). Although the declaration from Brent Pelton attaching Plaintiffs' counsel's internal records of costs incurred (Dkt. No. 64-2) should be sufficient, especially for internal mailing expenses for which we do not maintain an invoice, we are attaching the invoice for the actual costs incurred for service of the summons and complaint from our process server. (Ex. B). Accordingly, we believe that the costs incurred are reasonable and should be reimbursed in accordance with the settlement agreement.

*             *             *

---

[5] Given the lengthy payment plan contemplated by the settlement, *see* Dkt. No. 64-1 (Settlement Agreement) §1(a), Plaintiffs' counsel anticipates substantial additional work throughout the next 2.5 years in contacting Defendants' counsel and the Plaintiffs regarding the installment payments, taxes, updating contact information, etc.

Hon. Kevin Nathaniel Fox
Plaintiffs' Supplemental Submission Regarding Reasonable Attorneys' Fees
Page **5** of **5**

For the reasons set forth above and in Plaintiffs' Motion for Approval of FLSA Settlement (Dkt. No. 64), we respectfully request that the Court approve the proposed Settlement Agreement as fair and reasonable, including Plaintiffs' counsel's requested attorneys' fees and costs.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Brent E. Pelton*

Brent E. Pelton, Esq. of
PELTON GRAHAM LLC

Enclosure

cc:    All counsel (via CM/ECF)